■ In the Matter of the Claims of Gordon D. Sprague et al., Respondents. Isador Lubin, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which in effect reversed the decision of a referee. The issue is whether claimants were barred from benefits for a period of 7 weeks because they lost their employment "because of a strike, lockout, or other industrial controversy" (Unemployment Insurance Law, § 592, subd. 1; Labor Law, art. 18). The work involved was at a United States air base at Plattsburgh, New York. The Federal officials, as an economy measure, terminated heating contracts with two prime contractors and replaced the union steamfitters and stationary engineers, who were operating a temporary heating service during the course of construction, with civil service employees. A union meeting was held and it was determined that no union plumbers or steamfitters would work on the project unless the civil service employees were dismissed. Picket lines were established across the various entrances to the base and, although the signs carried by the pickets said "All persons are free to cross the picket line," a work stoppage resulted. Claimants were disqualified for benefits for seven weeks by the Industrial Commissioner upon two theories: (1) that they had left their employment without good cause; (2) that their loss of employment was due to an industrial controversy in the establishment where they were

employed. The referee held the first ground to be invalid but sustained the determination that claimants lost their employment because of an industrial controversy. In so determining the referee held that the work stoppage was caused "in order to exert pressure through the contractors and subcontractors on the Air Force to accede to demands made by several of the allied unions" and this he found to be industrial controversy. The evidence would sustain a finding that the procedure adopted by the unions was to exert pressure on the Air Force to reinstate the contract terminated or make a new contract for the employment of union labor. The board in effect reversed the referee, holding that no industrial controversy existed, on the ground that the dispute was between the unions and the Air Force and not between the unions and the contractors, who were the employers. It said "Neither the mere placing of pickets at the premises where the work was being performed or the concerted work stoppage which resulted for the purpose of exerting pressure on a third party in order to compel that third party to have certain services performed by contract with a particular type of contractor rather than have the work otherwise performed does not create an industrial controversy within the meaning of the Law." The foregoing statement of course is not one of fact but one of law, and we disagree with the conclusion reached by the board. While it may be said, at least technically, that no lockout or strike existed, certainly an industrial controversy existed. The language of the statute in that respect is very broad and there is no indication in its legislative history or otherwise that the Legislature intended to limit such language as narrowly as the board in this case has construed it. Decision of the Unemployment Insurance Appeal Board reversed, on the law, with costs to the Industrial Commissioner, and the decision of the referee is reinstated. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [See post, p. 997.]